IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FELIX ROBERT SUAREZ, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00704-FB |
| vs. | § § | |
| U.S. BANK, NA, AS TRUSTEE, | § § § | |
| *Defendant.* | § § | |

### REPORT AND RECOMMENDATION AND SHOW CAUSE ORDER
### OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support [#7]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#3]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and this show cause order pursuant to 28 U.S.C. § 636(b)(1)(A). By its motion, Defendants seeks dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Defendant's motion was filed on June 24, 2019 and served electronically on Plaintiff through his counsel. According to this Court's Local Rules, Plaintiff's response to Defendant's motion was due within 14 days of the motion's filing, on or before July 6, 2019. *See* Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of motion's filing). To date, Plaintiff has not filed a response to the motion. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. In light of Plaintiff's lack of opposition and for the reasons set forth below, the

undersigned recommends the motion be granted in part as to Plaintiff's claims of negligence and for violations of the Texas Property Code. However, the undersigned recommends the motion be denied in part as to Plaintiff's claim for breach of contract, but the undersigned will order Plaintiff to show cause as to why the claim should not be dismissed for failure to prosecute within 14 days of this order.

## I. Factual Allegations in the Pleadings

Plaintiff filed his Original Petition [#1-1] in state court, and Defendant removed the Petition to this Court based on both federal question and diversity jurisdiction. Plaintiff's Petition sues U.S. Bank, NA, as Trustee, regarding the scheduled foreclosure of property located at 1252 Clower Street, San Antonio, TX 78201. This is the second lawsuit Plaintiff has filed in an attempt to stop foreclosure of this property. The first lawsuit was dismissed on April 12, 2019, when the Court granted Defendant's uncontested motion to dismiss pursuant to Rule 12(b)(6). *See Suarez v. U.S. Bank*, 5:18-cv-849-OLG (W.D. Tex. Apr. 12, 2019) (Doc. No. 16).

Plaintiff's Petition in this case alleges the following wrongful acts of Defendant:

(1) A failure to use reasonable care in communicating the options as to loss mitigation;

(2) Avoiding and evading Plaintiff's inquires regarding an appeal of his loss mitigation application;

(3) Posting the subject property for foreclosure without offering more than one loan workout alternative or replying to Plaintiff's inquiries regarding an appeal of the denial of a HAMP modification; and

(4) Failing to comply inform Plaintiff of any assistance options before accelerating the loan and proceeding with foreclosure.

Based on these factual allegations, Plaintiff asserts claims of negligence, violations of the Texas Property Code, and breach of contract. (Pet. [#1-1] at ¶¶ 9–30.) Defendant moves to dismiss these claims for failure to state a claim pursuant to Rule 12(b)(6).

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

## III. Analysis

Defendant seeks dismissal of all of Plaintiff's claims. Defendant asserts that Plaintiff's negligence claim is barred by the economic loss doctrine; Plaintiff's Texas Property Code claim fails because no foreclosure sale has occurred; and Defendant's breach of contract claim fails to

allege facts that establish any breach occurred or that the alleged breach caused Plaintiff damages. Plaintiff's claims of negligence and violations of the Texas Property Code should be dismissed. Plaintiff's claim of breach of contract should not be dismissed at this time. However, if Plaintiff fails to respond to the show cause order issued herein, the District Court should also dismiss this claim for failure to prosecute.

**A.  Plaintiff's negligence claim is barred by the economic-loss rule.**

Under Texas law, the economic-loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Thus, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Tort damages are recoverable, however, if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986); *see also DeLanney*, 809 S.W.2d at 494.

Here, Defendant contends Plaintiff's claim for negligence arises under the purported duties that Defendant allegedly owes to Plaintiff pursuant to the mortgage contract. The undersigned agrees. (*See* Pet. [#1-1] at ¶ 13) (alleging the duties violated are HUD regulations that are incorporated in the deed of trust). Further, Plaintiff has failed to allege any other relationship exists that would give rise to duties outside of the note or deed of trust. Therefore, Plaintiff's negligence claim is barred by the economic loss doctrine and must be dismissed.

B.  **Plaintiff's claim under the Texas Property Code fails as a matter of law.**

Plaintiff asserts a claim for wrongful foreclosure against Defendant based on violations of the notice requirements codified at Section 51.002 of the Texas Property Code. Section 51.002 governs foreclosure procedures under Texas law, and statutory claims under Section 51.002 may arise only after the completion of the foreclosure. *Denley v. Vericrest Fin., Inc.*, No. CIV.A. H-12-992, 2012 WL 2368325, at *3 (S.D. Tex. June 21, 2012); *see also Kew v. Bank of America, N.A.*, No. H–11–2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012) ("Because § 51.002 outlines the procedures for conducting a foreclosure sale, claims for violating its notice requirements are cognizable only after a foreclosure."). Plaintiff's claims under Section 51.002 are based upon a foreclosure sale date of June 4, 2019, and there is nothing before the Court suggesting that a foreclosure sale has already occurred. (Pet. [#1-1] at ¶ 16.) Plaintiff's claim under Section 51.002 for wrongful foreclosure therefore should be dismissed.

C.  **Plaintiff's breach of contract claim should survive Defendants' motion to dismiss but should be dismissed if Plaintiff fails to respond to the Court's show cause order.**

The elements of a breach of contract claim are (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). Plaintiff alleges that Defendant failed to comply with the HUD regulations set forth in the note and deed of trust, which outline the procedures that must be followed prior to accelerating and foreclosing a loan, specifically 24 C.F.R. §§ 203.604(b) (requiring a face-to-face meeting with the mortgagor under certain circumstances), 203.605 (imposing duty on mortgagee to engage in loss mitigation), and 203.501 (requiring mortgagee to take actions that generate smallest financial loss to the Department of Housing and Urban Development). (Pet. [#1-1] at ¶ 27.) Plaintiff claims that the note and deed of trust expressly

provide that these HUD regulations govern the contract and that Defendant failed to follow the required steps before proceeding with foreclosure proceedings. (Pet. [#1-1] at ¶¶ 27–28.) Plaintiff alleges that the breach has caused him to suffer harm by incurring additional charges on his loan balance and escrow account. (Pet. [#1-1] at ¶ 30.)

Although the HUD regulations cited by Plaintiff in his Petition do not provide mortgagors with a private remedy, "a violation of HUD regulations may create a private cause of action if the regulations are 'explicitly incorporated' into the agreement." *Bassie v. Bank of Am., N.A.*, No. 4:12–CV–00891, 2012 WL 6530482, at *4 (S.D. Tex. Dec. 13, 2012) (citing *Baker v. Countrywide Home Loans, Inc.*, No. CIV A 308–CV–0916–B, 2009 WL 1810336, at *5 (N.D. Tex. June 24, 2009)); *see also Smith v. JPMorgan Chase Bank, N.A.*, No. 12-40816, 2013 WL 1165218, at *2 (5th Cir. Mar. 22, 2013) ("Federal statutes and regulations can form the basis of a breach-of-contract claim if the parties expressly incorporate them into their contract."). Although Plaintiff's allegations as to the alleged breach are sparse, taking them as true and viewing Plaintiff's Petition as a whole, these allegations raise a reasonable inference that Defendants breached the deed of trust. *See Lindsey v. JPMorgan Chase Bank Nat. Ass'n*, No. 3:12-CV-4535-M-BH, 2013 WL 2896897, at *14 (N.D. Tex. June 13, 2013). Defendant's motion to dismiss Plaintiff's breach-of-contract claim should therefore be denied.

However, in light of Plaintiff's failure to respond to Defendant's motion, the undersigned will order Plaintiff to show cause why this breach-of-contract claim should not be dismissed along with his negligence claim and claim under the Texas Property Code for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

If the Court ultimately dismisses all of Plaintiff's claims, the Court should also dismiss any claim by Plaintiff for injunctive relief, as this is an equitable remedy for a viable cause of

action, not a cause of action in itself. *See Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013).

### IV. Conclusion, Recommendation, and Order

Having considered Defendant's motion, as well as the lack of any response by Plaintiff, the undersigned recommends that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support [#7] be **GRANTED IN PART** as to Plaintiff's claim of negligence and for a violation of the Texas Property Code and **DENIED IN PART** as to Plaintiff's claim of breach of contract. Defendant's counterclaim against Plaintiff [#8] remains pending.

**IT IS FURTHER ORDERED** that Plaintiff **show cause** as to why the Court should not also dismiss his claim for breach of contract for failure to prosecute within **14 days** of this Order. A failure to respond to this show cause order may result in dismissal of this claim under Rule 41 of the Federal Rules of Civil Procedure.

### V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not

consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 31st day of July, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE