IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FELIX ROBERT SUAREZ, | § § § | |
| *Plaintiff,* | § § § | SA-19-CV-00704-FB |
| vs. | § § § § | |
| U.S. BANK, NA, AS TRUSTEE, | § § § § | |
| *Defendant.* | § § § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion for Summary Judgment [#20] filed by Defendant/Counter-Plaintiff U.S Bank Trust National Association, as Trustee of CVI LCF Mortgage Loan Trust I ("Defendant") on its counterclaim for foreclosure.

All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#3]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In light of Plaintiff's lack of opposition and for the reasons set forth below, the undersigned recommends the motion be **GRANTED**.

## I. Procedural Background

The procedural history of this case begins on May 31, 2019 in the 37th Judicial District Court of Bexar County, where Plaintiff filed his Original Petition. (Orig. Pet. [#1-1]). Defendant removed the case to this Court on June 7, 2019 based on both federal question and diversity jurisdiction [#1]. Plaintiff sues U.S. Bank, NA, as Trustee, regarding the scheduled foreclosure

of property located at 1252 Clower Street, San Antonio, TX 78201 ("the Property"). This is the second lawsuit Plaintiff has filed in an attempt to stop foreclosure of the Property. The first lawsuit was dismissed on April 12, 2019, when the Court granted Defendant's uncontested motion to dismiss pursuant to Rule 12(b)(6). *See Suarez v. U.S. Bank*, 5:18-cv-849-OLG (W.D. Tex. Apr. 12, 2019).

In the instant action, Defendant filed its Motion to Dismiss pursuant to rule 12(b)(6) on June 24, 2019 [#7]. The undersigned issued a Report and Recommendation that Defendant's Motion to Dismiss be granted in part as to Plaintiff's claims of negligence and for violations of the Texas Property Code and denied in part as to Plaintiff's claim for breach of contract [#10]. The undersigned also ordered Plaintiff to show cause as to why the Court should not also dismiss Plaintiff's breach of contract claim [#10]. Plaintiff did not respond, and thus the District Court adopted the undersigned's recommendation and, noting Plaintiff's failure to respond to the Show Cause Order, dismissed all of Plaintiff's claims [#13].

On June 26, 2019, Defendant also filed a counterclaim against Plaintiff for foreclosure [#8]. Defendant served Plaintiff with Requests for Admissions on August 14, 2019. (Danaher Decl.[1] ¶¶ 3-5, & Ex. B-1). Plaintiff failed to respond to those Requests for Admissions and the deadline to respond has expired. (Danaher Decl. ¶ 4).

Defendant now moves for summary judgment on the only remaining claim in this case—Defendant's counterclaim for foreclosure. Defendant's motion for summary judgment was filed on September 20, 2019 and served electronically on Plaintiff through his counsel. According to this Court's Local Rules, Plaintiff's response to Defendant's motion was therefore due on or before October 4, 2019. *See* Loc. R. CV-7(e) (responses to dispositive motions due within 14

---

[1] The Danaher Declaration and its attachments are attached as Exhibit B to Defendant's Motion for Summary Judgment [#20].

2

days of motion's filing).  To date, Plaintiff has not filed a response to the motion.  Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the Court may grant the motion as unopposed.  However, because it is a dispositive motion, the undersigned will nevertheless evaluate its merits. By its motion, Defendant seeks summary judgment on its counterclaim for foreclosure arguing that the undisputed summary judgment record conclusively establishes that Plaintiff defaulted on his obligations under the terms of the loan agreement.

## II.  Summary Judgment Record

The summary judgment record submitted by Defendant in support of its motion for summary judgment is undisputed, as there is no response to Defendant's motion.  This record establishes the following facts:

On or about August 28, 2002, Plaintiff executed an Adjustable Rate Note ("Note") in the amount of $54,600.00 payable to Ameriquest Mortgage Company ("Ameriquest"). (Trinkley Decl ¶ 4 & Ex. A-1 [#20-1], at 9-13).  To secure payment of the Note, Plaintiff executed a Deed of Trust[2] creating a lien on the Property. (Trinkley Decl ¶ 5 & Ex. A-1 [#20-1], at 15-39).  The Note and Deed of Trust are collectively referred to herein as "the Loan."

Defendant is the current owner and holder of the Note and beneficiary of the Deed of Trust. (Trinkley Decl. ¶ 9 [#20-1] at 5, Ex. A-1 [#20-1] at 9-13, & Ex A-2 [#20-1] at 15-39; Danaher Decl.[3] ¶¶ 3-5 [#20-1] at 113-14 & Ex. B-1 [#20-1] at 120).  Plaintiff is in default on the

---

[2] The Declaration of Caroline Trinkley and its exhibits are attached as Exhibit A to Defendant's Motion for Summary Judgment [#20].  Specific pin-point references to the Trinkley Declaration and its exhibits will use the CM-ECF docket number [#20-1] and pagination.  The Note is Exhibit A-1 to the Declaration.

[3] The Declaration of Philip W. Danaher and its exhibits are attached as Exhibit B to Defendant's Motion for Summary Judgment [#20], and the declaration begins at page 112 of [#20-1].

Note because he has not tendered all when due. (Trinkley Decl. ¶ 10 [#20-1] at 5, Ex. A-4 [#20-1] at 45-47, & Ex. A-1 [#20-1] at 15-39; Dannaher Decl. ¶¶ 3-5 [#20-1] at 113-14 & Ex. B-1 [#20-1] at 120). The loan is currently due for the October 1, 2017 payment and all subsequent payments. (Trinkley Decl. ¶ 10 [#20-1] at 5, Ex. A-11 [#20-1] at 106-107, & Ex. A-12 [#20-1] at 109-111).

On or about April 9, 2018, Shellpoint Mortgage Servicing ("Shellpoint"), acting as mortgage loan service for Defendant, sent a Notice of Default and Intent to Accelerate via certified mail to Plaintiff at his last known address and to the Property address informing him that the loan was in default and that he needed to tender $6,545.43 within 45 days to become current on the loan, or his failure to timely cure the default would result in an acceleration of the debt. (Trinkley Decl. ¶ 11 [#20-1] at 5 & Ex. A-8 [#20-1] at 59-79).

When Plaintiff did not pay the amount to reinstate the loan, Shellpoint elected to accelerate the entire amount owed. On June 29, 2018, Defendant through its counsel, Mackie Wolf Zientz & Mann, P.C., sent Notices of Acceleration of Loan Maturity via certified and regular mail to Plaintiff at his last known address and to the Property address indicating that loan had been accelerated. (Trinkley Decl. ¶ 12 [#20-1] at 5 & Ex. A-9 [#20-1] at 81-84).

A foreclosure sale of the Property was scheduled for August 7, 2018, and proper notice was mailed to Plaintiff, but the sale did not occur because of this litigation. ( Trinkley Decl. ¶ 13 [#20-1] at 5 & Ex. A-10 [#20-1] at 86-104). Through October 17, 2019, the total amount due on the loan was $77,736.16. Interest and other fees have continued and continue to accrue while the loan is in default. (Trinkley Decl. ¶ 14 [#20-1] at 6 & , Ex. A-12 [#20-1] at 109-111).

Furthermore, as a result of Plaintiff's failure to respond to Defendant's Requests for Admissions, Plaintiff deemed to have admitted the following relevant points:

(1) that Plaintiff is in default on the Note;

(2) that Plaintiff has failed to cure all defaults on the monthly payments on the Loan;

(3) that Defendant is the last assignee of the Deed of Trust of Record;

(4) that Defendant is the owner of the Note;

(5) that Defendant did not evade Plaintiff's inquiries about an appeal of a loan modification application he submitted;

(6) that Plaintiff prevented the loan modification process from progressing by failing to provide all necessary documentation Defendant needed for review;

(7) that Defendant properly followed all applicable procedures and laws— including notice and service—when it accelerated the balance due on the Note and initiated foreclosure proceedings.

(Dannaher Decl. ¶¶ 3-5 [#20-1] at 113-14 &  Ex. B-1 [#20-1] at 116-122).

### III.  Legal Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. However, if the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## IV. Analysis

Defendant moves for summary judgment as to its Counterclaim against Plaintiff to authorize the foreclosure of the property at issue in this lawsuit. The motion should be granted.

In order to foreclose under a security instrument in Texas with a power of sale, "the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) plaintiff is in default under the note and security instrument; and (4) plaintiff received notice of default and acceleration." *Huston v. US Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013 (citing Tex. Prop. Code § 51.002); *see also* Tex. Const. art. XVI § 50(a)(6)(D) (stating that a homestead shall be protected from forced sale, unless the debt on the homestead is an "extension of credit secured by a lien that may be

6

foreclosed upon only by a court order.") A lender is required, under the Texas Property Code, to serve a defaulting debtor with written notice by certified mail of the default and provide at least 20 days to cure the default. *Id*.

The unopposed summary judgment record and the allegations in Defendant's Requests for Admission, which are deemed admitted, establish that Plaintiff executed a Note for $54,600.00 and a Deed of Trust creating a lien on the Property; Defendant, through its predecessor, performed under the terms of the Note by lending Plaintiff the referenced $54,600.00; Plaintiff defaulted on the loan executed in connection with his purchase of the Property; Defendant, through Shellpoint, notified Plaintiff of the default, of the acceleration of the loan, and of the scheduled foreclosure sale; and Plaintiff did not cure the default. (Dannaher Decl. ¶¶ 3-5 [#20-1] at 113-14 & Ex. B-1 [#20-1] at 116-122).

Because Plaintiff has not responded to Defendant's motion for summary judgment, there is no contrary evidence before the Court to raise a genuine issue of material fact or provide any basis for contesting foreclosure. Based on the deemed admissions, as well as the summary judgment record before the Court, Defendant is entitled to a judgment of foreclosure, and the Court should grant Defendant's motion for summary judgment.

## V. Conclusion and Recommendation

Having considered Defendant's motion for summary judgment, the lack of any response by Plaintiff, the governing law, and the procedural and evidentiary summary judgment record in this case, the undersigned recommends that Defendant's Motion for Summary Judgment [#20] be **GRANTED** and that a judgment in favor of Defendant on its counterclaim be entered. This would resolve all pending matters in the case, as all other claims have been dismissed.

## VI. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of November, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE